UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN L. VOLNER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 4:19-cv-00052-AGF |
| STANLEY PAYNE, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Steven L. Volner's "Motion for Probation Time Credit," which has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1) For the reasons discussed below, the petition must be summarily dismissed, as it does not state a denial of a constitutional right and because petitioner has not exhausted his state remedies.

### Background

Petitioner was charged in Missouri state court with delivery or concealment of a controlled substance at a correctional facility. *State of Missouri v. Volner*, No. 14SF-CR01554-01 (24th Cir., St. Francois County).[1] He pled guilty on February 13, 2015. That same day, he was given a suspended five-year prison sentence, and placed on a five-year term of probation.

On October 7, 2016, petitioner's probation was revoked. The circuit court ordered that the previously imposed five-year sentence be executed. However, the circuit court also stated its intention to reconsider petitioner for probation after 120 days of shock incarceration. On January 17, 2017, petitioner was placed back on probation for five years.

---

[1] Petitioner's case was retrieved from Case.net, Missouri's online case management system.

On April 6, 2018, petitioner's probation was once again revoked. That same day, the circuit court ordered the previously imposed five-year sentence to be executed.

On October 31, 2018, petitioner filed a motion for probation time credit with the circuit court. The motion is similar to the action presently before the Court. The state circuit court has not yet ruled upon petitioner's motion.

## The Petition

Petitioner filed the instant "Motion for Probation Time Credit" on January 11, 2019. (Docket No. 1) As noted above, the document is similar to the motion petitioner filed in the state circuit court. The Court has construed this motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]

Petitioner asserts that, from February 15, 2013 to April 6, 2018, he served 986 days on probation without being arrested for any city, state, or federal laws. (Docket No. 1 at 2) He further states that 552 of those days were "uneventful" and free of any violations. (Docket No. 1 at 1) Petitioner does acknowledge, however, receiving "two technicals" while on probation. (Docket No. 1 at 2)

Petitioner states that, under Missouri law, parole time is automatically credited towards an individual's sentence, while probation time may be credited at the discretion of the sentencing court. He argues that probation time "is not so different in substance from parole time," and that "the difference is in the governing statutes alone." Petitioner therefore seeks credit against his sentence for the 986 days he served on probation.

---

[2] Petitioner is seeking to have this Court order the circuit court to credit the time he served on probation against his sentence of incarceration, thereby reducing his sentence and providing for a speedier release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

2

**Discussion**

Petitioner has filed a document construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to have the time he served on probation credited against his sentence of incarceration. For the reasons discussed below, the petition must be summarily dismissed.

**A. Failure to State a Constitutional Claim**

Petitioner's petition must be dismissed because it does not allege that he is being held in custody in violation of the Constitution or laws of the United States; consequently, the petition is not cognizable under § 2254.

Pursuant to § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To that end, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, a federal court conducting habeas review is limited to deciding whether a petitioner's conviction violated the Constitution, laws, or treaties of the United States. *Gee v. Groose*, 110 F.3d 1346, 1349 (8th Cir. 1997). The instant petition, relating to petitioner's request that the Court grant him discretionary probation time credit against his sentence, does not state a cognizable constitutional claim under § 2254.

The United States Supreme Court has stated that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). However, a state's statutes and regulations may create a liberty interest that is entitled to protection. *See*

*Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995) (stating that the "due process clause does not guarantee an inmate a right to parole, but a State's parole statutes and regulations may create a liberty interest that is entitled to due process protection"). For state law to create a liberty interest, there must be substantive limitations placed on official discretion. *Swenson v. Trickey*, 995 F.2d 132, 134 (8th Cir. 1993). Specifically, a "liberty interest is created if state law contains substantive predicates to the exercise of discretion and specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*.

Here, petitioner asserts that he should receive credit against his incarceration for the 968 days he served on probation without violating any city, state, or federal law. In Missouri, a sentence of imprisonment commences "when a person convicted of an offense…is received into the custody of the department of corrections or other place of confinement where the offender is sentenced." Mo. Rev. Stat. § 558.031.1. This statute further states, in relevant part:

> [s]uch person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except…(3) As provided in section 559.100.

*Id*. Section 559.100 governs the power of circuit courts to place persons on probation or parole. Mo. Rev. Stat. § 559.100.1. The section further provides that "[t]he circuit court may, *in its discretion*, credit any period of probation or parole as time served on a sentence." Mo. Rev. Stat. § 559.100.2 (emphasis added). Thus, the circuit court may decide whether to award credit to a prisoner for time served on probation. *Donaldson v. Crawford*, 230 S.W.3d 340, 343 (Mo. 2007).

As noted above, for state law to create a liberty interest, there must be substantive limitations placed on official discretion. The statute governing the awarding of probation time

4

credit, however, has no substantive limitation. Rather, the plain language of the statute, underscored by the Missouri Supreme Court, makes clear that the circuit court is given discretion to determine whether such credit will be applied. Because the statute is discretionary, it does not create a liberty interest. This is purely a matter of a state court applying state law in determining an individual's sentence. As there is no constitutional interest at stake, the Court does not have the authority under § 2254 to grant petitioner the relief he seeks. Therefore, his petition must be summarily dismissed.

### B. Failure to Exhaust

Even if petitioner's petition was cognizable under § 2254, it would still be subject to dismissal because he has not exhausted his state remedies.

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state

case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

Review of petitioner's state case shows that he has filed a motion in the circuit court that is similar to the petition before this Court. As noted above, the state must be given the opportunity to review and correct alleged violations before petitioner can seek federal habeas relief. The circuit court has not yet ruled upon the motion, much less the Missouri Court of Appeals or the Missouri Supreme Court. It is thus plainly apparent that petitioner has not yet exhausted his state remedies and his petition must be dismissed.

**C. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is not cognizable under 28 U.S.C. § 2254. Even if it were, he has failed to exhaust his state remedies before filing his federal action. Therefore, the Court must dismiss his petition.

**D. Certificate of Appealability**

Because petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); and *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

**E. Motion for Leave to Proceed in Forma Pauperis**

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information contained therein, the Court finds that the motion should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 15th day of May, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE